RECEIVED AND FILED
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, P.R.

Date: 2021.12.13 11:22:10 -04'00'

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | CRIMINAL NO. 19-647(RAM) |
| v. | |
| [5] Brian Samuel Pérez-Fontánez, Defendant. | |

## PLEA AGREEMENT

TO THE HONORABLE COURT:

The United States of America, Defendant, Brian Samuel Pérez-Fontánez, and Defendant's counsel, Laura Maldonado-Rodríguez, Esq., pursuant to Federal Rule of Criminal Procedure 11, state that they have reached a Plea Agreement, the terms and conditions of which are as follows:

1. **Charges to which Defendant will Plead Guilty**

Defendant agrees to plead guilty to Counts Eleven and Fourteen of the Superseding Indictment:

<u>Count Eleven</u>: On or about December 21, 2018, in the District of Puerto Rico, and within the jurisdiction of this Court, [5] Brian Samuel Pérez-Fontánez and co-defendants, being United States Postal Service officers and employees, aiding and abetting each other, did unlawfully delay package with tracking number 9505815897018351172445, entrusted to them, and which came into their possession and were intended to be conveyed by mail and carried and delivered by any carrier or other employee of the United States Postal Service, and forwarded through and



delivered from any post office or station thereof established by authority of the Postmaster General or the Postal Service, in violation of 18 U.S.C. §§ 1703(a) and 2.

<u>Count Fourteen:</u> On or about October 3, 2019 in the United States, in the District of Puerto Rico and within the jurisdiction of this Court, [5] Brian Samuel Pérez-Fontánez, did corruptly alter, destroy, mutilate, and conceal data contained in his LG cellphone, and attempt to do so, with intent to impair its integrity and availability for the use in an official proceeding, to wit: an investigation being conducted by the United States Postal Service-Office of Inspector General, in violation of 18 U.S.C. § 1512(c)(1).

2. **Stipulation as to the Amount of Narcotics**




The United States of America and the defendant stipulate for purposes of this Plea Agreement Accessory After the Fact guideline calculation that defendant shall be accountable for conspiring to possess with the intent to distribute cocaine in an amount foreseeable to the Defendant of at least 400 grams but less than 500 grams.

3. **Maximum Penalties**

The maximum statutory penalty for the offense charged in Count Eleven of the Superseding Indictment, is a term of imprisonment of not more than five (5) years, pursuant to 18 U.S.C. § 1703; a fine not to exceed two hundred and fifty thousand dollars ($250,000.00), pursuant to 18 U.S.C. § 3571(b)(3); and supervised release term of not more than three (3) years, pursuant to 18 U.S.C. § 3583(b)(2).

The maximum statutory penalty for the offense charged in Count Fourteen of the Superseding Indictment, is a term of imprisonment of not more than twenty (20)

U.S. v. Pérez-Fontánez, 19-647(RAM)

years, pursuant to 18 U.S.C. § 1512(c)(1); a fine not to exceed two hundred and fifty thousand dollars ($250,000.00), pursuant to 18 U.S.C. § 3571(b)(3); and supervised release term of not more than five (5) years, pursuant to 18 U.S.C. § 3583(b)(1).

4. **Sentencing Guidelines Applicability**

Defendant understands that the sentence will be imposed by the Court in accordance with 18 U.S.C. §§ 3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which are advisory pursuant to the United States Supreme Court decision in *United States v. Booker*, 543 U.S. 220 (2005). Further, Defendant acknowledges that parole has been abolished, and that the imposition of Defendant's sentence may not be suspended.



5. **Special Monetary Assessment**

Defendant agrees to pay a special monetary assessment ("SMA") of one hundred dollars ($100.00) per count of conviction. The SMA will be deposited in the Crime Victim Fund, pursuant to 18 U.S.C. § 3013 (a)(2)(A).

6. **Fines and Restitution**

The Court may, pursuant to Section 5E1.2 of the Guidelines order Defendant to pay a fine. The Court may also impose restitution. Defendant agrees to execute and make available, prior to sentencing, a standardized financial statement (OBD Form 500). The United States will advocate on behalf of any identified victim and comply with its obligations under the Mandatory Victim Restitution Act of 1996.

### 7. Sentence to be Determined by the Court

Defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot make and has not made any promise or representation as to what sentence Defendant will receive. Any discussions that the parties might have had about possible sentences are not binding in any way on the Court, and do not constitute representations about what the parties will seek, or what the actual sentence will be.

### 8. Recommended Sentencing Guidelines Calculations

After due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the United States and Defendant submit that the advisory Guidelines calculations listed below apply to Defendant. However, Defendant acknowledges that the Court is not required to accept those recommended Guidelines calculations.

INTENTIONALLY LEFT BLANK

U.S. v. Pérez-Fontánez, 19-647(RAM)

| Sentencing Guidelines Calculations<br>Counts Eleven and Fourteen<br>18 U.S.C. §§ 1512(c)(1) & 1703(a) (Counts Grouped) | |
|---|---|
| Base Offense Level pursuant to U.S.S.G. § 2X3.1(a)[1] based on the underlying offense of conspiracy to possess with intent to distribute at least 400g but less than 500g of cocaine U.S.S.G. § 2D1.1(9) | 22 |
| U.S.S.G. § 2X3.1(a) provides that offense be 6 levels lower than the underlying offense | -6 |
| Abuse of Position of Trust U.S.S.G. § 3B1.3 | +2 |
| Acceptance of Responsibility pursuant to U.S.S.G. §3E1.1 | -3 |
| **TOTAL ADJUSTED OFFENSE LEVEL** | **15** |

| CH Cat. I | CH Cat. II | CH Cat. III | CH Cat. IV | CH Cat. V | CH Cat. VI |
|---|---|---|---|---|---|
| 18-24 | 21-27 | 24-30 | 30-37 | 37-46 | 41-51 |

9. **Sentence Recommendation**

As to Count Eleven, and after due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the parties agree to request a sentence of imprisonment of 6 months to be served concurrently with the sentence imposed for Count Fourteen. As to Count Fourteen, the parties agree that Defendant will request a sentence of imprisonment of 18 months and the government will request a sentence of 24 months of imprisonment, regardless of criminal history category.

The parties agree that any recommendation by either party for a term of imprisonment below or above the stipulated sentence recommendation will constitute a material breach of the Plea Agreement.

---

[1] Pursuant to U.S.S.G. § 2J1.2(c), Obstruction of Justice, if the offense involved obstructing the investigation or prosecution of a criminal offense, apply § 2X3.1 (Accessory After the Fact) in respect to that criminal offense.

U.S. v. Pérez-Fontánez, 19-647(RAM)

10. **No Stipulation as to Criminal History Category**

The parties do not stipulate as to any Criminal History Category for Defendant.

11. **Waiver of Appeal**

Defendant knowingly and voluntarily agrees that, if the imprisonment sentence imposed by the Court is 24 months or less, Defendant waives the right to appeal any aspect of this case's judgment and sentence, including, but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

12. **No Further Adjustments or Departures**

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted base offense level and no variant sentence under 18 U.S.C. § 3553—other than any explicitly provided for in this Plea Agreement—shall be sought by Defendant. The parties agree that any request by Defendant for an adjustment or departure that is not explicitly provided for in this Plea Agreement will be considered a material breach of this Plea Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

13. **Satisfaction with Counsel**

Defendant is satisfied with counsel, Laura Maldonado-Rodríguez, Esq., and asserts that counsel has rendered effective legal assistance.

U.S. v. Pérez-Fontánez, 19-647(RAM)

### 14. Rights Surrendered by Defendant Through Guilty Plea

Defendant understands that by entering into this Plea Agreement, Defendant surrenders and waives certain rights as detailed in this agreement. Defendant understands that the rights of criminal defendants include the following:

   a. If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge agree.

   b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

   c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

   d. At a trial, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.

   e. At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.



U.S. v. Pérez Fontánez, 19-647(RAM)

15. **Stipulation of Facts**

The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect. Defendant agrees and accepts that had the matter proceeded to trial, the United States would have proven those facts beyond a reasonable doubt.

16. **Limitations of Plea Agreement**

This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant. It does not bind any other federal district, state, or local authorities.

17. **Entirety of Plea Agreement**

This written agreement constitutes the complete Plea Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea Agreement and denies the existence of any other terms and conditions not stated herein.

18. **Amendments to Plea Agreement**

No other promises, terms or conditions will be entered into between the parties unless they are in writing and signed by all parties.

19. **Dismissal of Remaining Counts**

At sentencing should there be any pending counts, and should the Defendant comply with the terms of this Plea Agreement, the United States will move to dismiss

the remaining counts of the Superseding Indictment pending against Defendant in this case.

### 20. Voluntariness of Plea Agreement

Defendant acknowledges that no threats have been made against Defendant and that Defendant is pleading guilty freely and voluntarily because Defendant is guilty.

### 21. Breach and Waiver

Defendant agrees that defendant will have breached this Plea Agreement if, after entering into this Plea Agreement, Defendant: (a) fails to perform or to fulfill completely each and every one of Defendant's obligations under this Plea Agreement; (b) engages in any criminal activity prior to sentencing; or (c) attempts to withdraw Defendant's guilty plea. In the event of such a breach, the United States will be free from its obligation under this Plea Agreement and Defendant will not have the right to withdraw the guilty plea. Moreover, Defendant agrees that if Defendant is in breach of the Plea Agreement, Defendant is deemed to have waived any objection to the reinstatement of any charges under the Superseding Indictment, Information, or complaint which may have previously been dismissed or which may have not been previously prosecuted.

### 22. Potential Impact on Immigration Status

Pursuant to Federal Rule of Criminal Procedure 11(b)(1)(O), Defendant hereby agrees and recognizes that if convicted, a Defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

U.S. v. Pérez-Fontánez, 19-647(RAM)

## 23. Felony Conviction

Defendant hereby agrees and recognizes that the plea of guilty in this case will be recognized as a felony conviction, which will result in the loss of certain rights, including but not limited to the right to vote in a federal election, to serve as a juror, to hold public office, and to lawfully possess a firearm.

W. Stephen Muldrow
United States Attorney

_____
Max Pérez-Bouret
Assistant U.S. Attorney, Chief
Transnational Organized Crime Section
Dated: 12/4/21

_____
Laura Maldonado-Rodríguez
Counsel for Defendant
Dated: 12/8/2021

_____
Vanessa E. Bonhomme
Assistant U.S. Attorney
Dated: 12/8/2021

_____
Brian Samuel Pérez-Fontánez
Defendant
Dated: 12/8/2021

_____
Camille García-Jiménez
Assistant U.S. Attorney
Dated: 12/6/2021

U.S. v. Pérez-Fontánez, 19-647(RAM)

## UNDERSTANDING OF RIGHTS

I have consulted with counsel and fully understand all of my rights as to the charges pending against me. Further, I have consulted with my attorney and fully understand my rights as to the provisions of the Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the Plea Agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and voluntarily agree to it.

Date: 12/8/2021

_____
Brian Samuel Pérez-Fontánez
Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights to Defendant with respect to the pending charges. Further, I have reviewed the applicable provisions of the Guidelines and I have fully explained to Defendant the provisions of those Guidelines that may apply in this case. I have carefully reviewed every part of this Plea Agreement with Defendant. I have translated the Plea Agreement and explained it in the Spanish language to the Defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, Defendant is entering into this Plea Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: 12/8/2021

_____
Laura Maldonado-Rodríguez
Counsel for Defendant

U.S. v. Pérez-Fontánez, 19-647(RAM)

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the Defendant Brian Samuel Pérez-Fontánez admits that Defendant is guilty as charged in the Superseding Indictment and admits the following:

Had this matter proceeded to trial, the United States would have presented evidence through the testimony of witnesses as well as physical evidence and documentary evidence, which would have proven beyond a reasonable doubt Defendant's guilt.

Brian Samuel Pérez-Fontánez was a Highway Contract Carrier employee for the United States Postal Service route #4 in Canóvanas, Puerto Rico.

Beginning on a date unknown, but not later than August 2019, and continuing to on or about October 2, 2019, Brian Samuel Pérez-Fontánez, knowingly and intentionally combined, conspired, confederated, and agreed with the co-defendants, and others unknown, to deliver parcels containing kilograms of cocaine.

These parcels containing cocaine were sent by individuals through the United States Postal Service. A postal employee that knew how to detect parcels containing cocaine, in order to steal them, readdressed the parcels for Pérez's postal route #4 in Canóvanas, Puerto Rico. Another postal employee informed Pérez about the readdressed parcels and he then delivered the parcels containing cocaine to the initial postal employee.

U.S. v. Pérez-Fontánez, 19-647(RAM)

On October 30, 2019, Agents from the United States Postal Service-Office of Inspector General (OIG) interviewed Pérez about the drug conspiracy. Pérez accepted his participation in the conspiracy. Pérez also admitted that around October 3, 2019, upon learning that two of the co-defendants were arrested, he wiped his cellphone data to avoid law enforcement from gaining access to any incrimination information.

For purposes of this Plea Agreement, Brian Samuel Pérez-Fontánez acknowledges that he corruptly altered, destroyed, mutilated, and concealed data contained in his LG cellphone, and attempted to do so, with intent to impair its integrity and availability for the use in the investigation of the conspiracy to possess with intent to distribute at least 400g but less than 500g of cocaine. The investigation was being conducted by the United States Postal Service-Office of Inspector General.

Pérez also admits that being a United States Postal Service employee, he, and the co-defendants, aiding and abetting each other, did unlawfully delay package with tracking number 9505815897018351172445, entrusted to them, and which came into their possession and was intended to be conveyed by mail, carried and delivered.

U.S. v. Pérez-Fontánez, 19-647(RAM)

At trial, the United States would have proven beyond a reasonable doubt that defendant Brian Samuel Pérez-Fontánez is guilty as charged in Counts Eleven and Fourteen of the Superseding Indictment. Discovery was timely made available to Defendant for review.

_____
Camille García-Jiménez
Assistant U.S. Attorney
Dated: 12/6/2021

_____
Laura Maldonado-Rodríguez
Counsel for Defendant
Dated: 12/8/2021

_____
Brian Samuel Pérez-Fontánez
Defendant
Dated: 12/8/2021